Roland HILLS, Plaintiff—Appellant,

v.

CALIFORNIA DEPARTMENT OF HEALTH AND HUMAN SERVICES; Jim Kay; Charles Compton; Sally Garrett, Rehabilitation Supervisor; Terry Nichols, Rehabilitation Counselor; Carl Haggemeister, Rehabilitation Counselor, Defendants—Appellees.

No. 02–56349.

D.C. No. CV–02–00730–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Roland Hills appeals the dismissal of his action against several members of the California Department of Rehabilitation. He alleges that the defendants violated his civil rights by denying his application for tuition reimbursement. The district court, citing our decision in *Vinson v. Thomas*, 288 F.3d 1145, 1155–56 (9th Cir.2002), held that Hills could not bring suit under 42 U.S.C. § 1983 to vindicate his rights under section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (prohibiting the denial of benefits to an individual based on his or her disability).

On appeal, Hills argues that the district court erred because his claims are not based on violations of the Rehabilitation Act. We agree in part.

We review de novo dismissals under Rule 12(b)(6). *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001).

■ The district court properly dismissed counts 1–4 in Hills's complaint because, though framed in terms of the Fourth and Fourteenth Amendments of the Constitution, these claims are plainly based on the failure to provide Hills with the tuition reimbursement to which he asserts entitlement as an individual with a disability. Accordingly, the district court correctly determined that Hills could not bring these claims under 42 U.S.C. § 1983. *Vinson*, 288 F.3d at 1155–56. We also conclude that the district court did not abuse its discretion by denying Hills leave to submit a supplemental memorandum or by ruling on the motion to dismiss without oral argument, *cf. Willis v. Pacific Mar. Assoc.*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and did not err by dismissing these counts without leave to amend. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 772 (9th Cir.2002).

■ The district court did err, however, by dismissing Count 5. Hills alleges in this count that he was denied the tuition reimbursement because of his race, in violation of 42 U.S.C. § 2000d ("Title VI") and 42 U.S.C. § 1983. This count should not have been dismissed under *Vinson*, 288 F.3d at 1155–56 because the alleged discrimination is not on account of Hills's disability. *Smith v. Barton*, 914 F.2d 1330, 1334–35 (9th Cir.1990) (holding that blind individuals could bring claims based on an alleged First Amendment violation under 42

U.S.C. § 1983). *See also Eason v. Clark County Sch. Dist.*, 303 F.3d 1137, 1145 (9th Cir.2002) (noting that "[o]f course, plaintiffs' § 1983 and state law claims against the individual defendants ... survive, insofar as they do not 'vindicate rights created by ... section 504 of the Rehabilitation Act.'") (citing *Vinson*, 288 F.3d at 1156).

Consistent with this determination, we conclude that the district court also erred by dismissing Count 6 and the "Additional Count," under *Vinson*, to the extent that they are predicated upon Count 5.

Each party shall bear its own costs on appeal. *See* FRAP 39(a)(4).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.